IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **CLAUDE REED ET AL.** | * | **CIVIL ACTION NO. 3:09-CV-00676** |
| **VERSUS** | * | |
| **TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY, LTD. ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

Before the court is a motion to compel and a motion for attorney's fees filed by defendants William H. Lewis, Jr. ("Lewis"), Makita U.S.A., Inc. ("Makita"), and Tokio Marine and Nichido File Insurance Company, LTD. ("Tokio"). Doc. # 14. For the reasons set forth below, defendants' motion to compel is **GRANTED** and defendants' motion for attorney's fees is **DENIED.**

### BACKGROUND

Plaintiffs, Claude and Arlethia Reed, filed a petition in state court alleging that defendants were responsible for injuries that Claude Reed sustained from a motor vehicle accident. Doc. # 1, Ex. 2. Defendants subsequently removed this case to federal court. Doc. # 1.

On August 24, 2009, defendants submitted requests for production of documents to plaintiffs. Defendants specifically requested plaintiffs to produce "any and all business records, receipts, contracts, cancelled checks, agreements, and related documents which you intend to introduce at the trial of this matter to any claim for lost wages and/or diminished earnings." Doc. #14, Ex. B at 2. Plaintiffs responded by noting that they had already provided defendants with Mr. Reed's pay stub for the week preceding the accident. *Id.* In the same request for production of documents, defendants also requested plaintiffs to "produce copies of income tax returns, both state and federal, filed by [plaintiffs]" from 2004 to 2008. *Id.* at 3. Plaintiffs refused to produce

their tax returns on the basis that they were "irrelevant, immaterial and not calculated to lead to admissible evidence." *Id.*

Plaintiffs currently allege that they are entitled to recovery for lost past wages and not for lost earning capacity. Doc. # 16 at 1. However, plaintiffs recently notified defendants that they would "add a claim for lost earning capacity and lost future wages" if this court ordered the plaintiffs to produce their tax returns. Doc. # 19, Ex. A

On December 23, 2009, defendants filed the instant motion to compel and motion for attorney's fees. Doc. #14. Plaintiff filed a responsive memorandum on January 7, 2010. Doc. #16. Defendants filed a reply memorandum on January 15, 2010. Doc. # 19. The matter is now before the court.

## LAW AND ANALYSIS

### A. Motion to Compel

The Federal Rules of Civil Procedure govern discovery in all civil actions. *In re United States Department of Homeland Security*, No. 06-20330, 2006 U.S. App. LEXIS 16976, at * 9 (5th Cir. May 8, 2006). Rule 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). However, a court may limit discovery when, *inter alia*, "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

Although tax returns are not inherently privileged, courts are reluctant to order their routine disclosure because of the sensitive information they contain as well as the public interest in encouraging the filing of compete and accurate returns. *Natural Gas Pipeline Company of America et al. v. Energy Gathering, Inc., et al.*, 2 F.3d 1397, 1411 (5th Cir. 1993). Accordingly, courts have construed Rule 26 to require a party seeking to compel the disclosure of tax returns

to demonstrate (1) that the returns are relevant to the subject matter of the action; and (2) a compelling need for the returns because the information contained therein is not otherwise readily obtainable through alternative forms of discovery.  *Id.*; *Butler v. Exxon Mobil Refining and Supply Company*, No. 07-386-C-M2, 2008 U.S. Dist. LEXIS 66091, at *7 (M.D. La. Aug. 28, 2008) (Noland, M.J.).

Tax returns are relevant to actions in which a party asserts that it is entitled to lost wages. *Butler*, 2008 U.S. Dist. LEXIS 66091, at * 7; *Carmody v. Village of Rockville Centre*, No. CV-05-4907, 2007 U.S. Dist. LEXIS 50933, at * 7 (E.D.N.Y. July 13, 2007).  In order to demonstrate a compelling need for the disclosure of tax returns, a party must show that it has attempted to obtain the requested information through the use of less intrusive forms of discovery.  *Butler*, 2008 U.S. Dist. LEXIS 66091, at * 11-12; *Carmody*, 2007 U.S. Dist. LEXIS 50933, at * 8-9; *Trudeau et al. v. New York State Consumer Protection Board et al.*, 237 F.R.D. 325, 332 (N.D.N.Y. 2006).

In this case, plaintiffs placed their past income at issue by alleging, at the very least, that they are entitled to lost past wages.  Their federal income tax returns from 2004 to 2008 - the years that defendants sought tax returns from the plaintiffs - will provide accurate information regarding the plaintiffs' recent income. Plaintiffs' tax returns from 2004 to 2008 are thus clearly relevant to the damages plaintiffs seek in this case.

Defendants have also attempted to obtain information about the plaintiffs' recent income through less intrusive forms of discovery.  In addition to requesting plaintiffs' tax returns, defendants requested plaintiffs to produce "any and all business records, receipts, contracts, cancelled checks, agreements, and related documents which you intend to introduce at the trial of this matter to any claim for lost wages and/or diminished earnings."  Doc. #14, Ex. B at 2. Plaintiffs responded by providing defendants with a single pay stub that documented Mr. Reed's

3

earnings for the week preceding the accident. *Id.* Accordingly, defendants have demonstrated a compelling need for the plaintiffs' tax returns.

**B. Motion to Compel**

When a motion to compel is granted, a court must require the nonmovant to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, a court shall not order this payment if, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified." FED. R. CIV. P. 37(a)(6)(A)(ii).

In light of the sensitive information contained in a tax return, the undersigned finds that plaintiffs' objection to the disclosure of their tax returns absent a ruling from the court ordering that disclosure was reasonable and therefore justified.

## CONCLUSION

For the aforementioned reasons**:**

Defendants' motion to compel is **GRANTED**, and plaintiffs are hereby **ORDERED** to provide complete copies of their tax returns from 2004 to 2008 to defendants within 15 days. Plaintiffs may redact their social security numbers from their tax returns prior to providing same. Defendants' motion for attorney's fees is **DENIED.**

**THUS DONE AND SIGNED,** in chambers, in Monroe, Louisiana, on this 1st day of February, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE