UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **CLAUDE REED, ET AL.** | * | **CIVIL ACTION NO. 09-0676** |
| **VERSUS** | * | |
| **TOKIO MARINE AND NICHIDO FIRE INSURANCE COMPANY LTD., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

Before the court are two associated motions: 1) a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) [doc. # 41] filed by defendants, and 2) a motion to supplement opposition to motion for sanctions [doc. # 52] filed by plaintiffs. For reasons assigned below, the motion for sanctions is GRANTED IN PART and DENIED IN PART, and the motion to supplement is DENIED.

### Procedural History

The instant dispute originates from the parties' inability to agree on a physician to conduct an independent medical examination ("IME"). The following timeline provides some context,

On January 14, 2010, counsel for defendants spoke with counsel for plaintiffs and advised that he anticipated scheduling an IME of plaintiff, Claude Reed. (January 14, 2010, Correspondence to C. Daniel Street; M/Sanctions, Exh. A). Plaintiffs' counsel stated that he had no objection to such an examination. *Id*.

On March 3, 2010, defense counsel informed plaintiffs' counsel that he had selected a

neurosurgeon, Dr. Donald Smith, to perform the IME.  Plaintiffs' counsel replied that Mr. Reed would not submit to the examination by Dr. Smith.  (March 3, 2010, Correspondence from C. Daniel Street).

On March 15, 2010, this court held a status conference to address the impasse.  During the conference, counsel for plaintiffs advised that he possessed evidence showing that Dr. Smith is not impartial.  The court determined that defendants were entitled to an IME of Claude Reed, but that defense counsel "will review the information plaintiff's counsel has regarding the issue and consult with his client to determine whether they will continue with the present choice of doctors or choose another one." (Minutes of Proceedings [doc. # 32]).

Following the status conference, defense counsel contacted plaintiffs' counsel to obtain the information he professed to possess with regard to Dr. Smith's partiality.  After more than one week passed, plaintiffs' counsel failed to provide defense counsel with the claimed documentation.   (March 23, 2010, Correspondence to C. Daniel Street; M/Sanctions, Exh. C).  Accordingly, defense counsel scheduled the IME of Claude Reed with Dr. Smith for March 29, 2010, at 1:00 p.m., and informed plaintiffs' counsel of same, by letter.  *Id*.

On March 24, 2010, counsel for plaintiffs advised defense counsel that his client did not have transportation to and from Dr. Smith's office in Shreveport. (March 25, 2010, Correspondence from C. Daniel Street; M/Sanctions, Exh. D).  Accordingly, defendants arranged for Checkered Cab Service in Monroe to transport Mr. Reed from his home to Dr. Smith's office, wait at Dr. Smith's office during the examination, and then return Mr. Reed to his home in Monroe.  *See* Affidavit of Leslie Tate, M/Sanctions, Exh. E.  A letter confirming the arrangements was sent to Checkered Cab Service, with a copy to plaintiffs' counsel.  (March 25,

2010, Correspondence to Checkered Cab Service; M/Sanctions, Exh. F).

In accordance with the instructions provided, the taxi driver arrived at Mr. Reed's home at 312 Garfield Street in Monroe, Louisiana, at approximately 10:45 a.m. on Monday, March 29, 2010. *See* Affidavit of Leslie Tate, M/Sanctions, Exh. E. The taxi driver contacted the office of defense counsel and stated that he had rung the doorbell at the residence and honked his horn several times; however, no one responded, and the home appeared empty. *Id*. Efforts to contact Mr. Reed, via his attorney's office, proved fruitless. *Id*. After waiting at Mr. Reed's residence until after 11:30 a.m. without response from anyone in the residence, the taxi driver departed. *Id*.

Because of Claude Reed's failure to appear at the scheduled IME, Dr. Smith's office assessed a $150.00 cancellation fee. (March 29, 2010, Correspondence from Select Evaluation Center; M/Sanctions, Exh. G). Defendants also incurred a $50.00 bill from Checkered Cab Service for the driver's efforts on March 29, 2010. (Affidavit of Leslie Tate).

Counsel for plaintiffs refused to reimburse defendants for the $200 that defendants incurred for the unsuccessful IME attempt. (March 31, 2010, Correspondence to C. Daniel Street; M/Sanctions, Exh. H). Accordingly, on March 31, 2010, defendants filed the instant motion for sanctions to recover the $200, plus attorney's fees. Defendants also seek an order compelling plaintiff, Claude Reed, to present himself for an independent medical examination by Dr. Donald Smith at the office of Select Evaluation Center, 820 Jordan, Suite 370, Shreveport, Louisiana, 71101, at 1:00 p.m. on May 17, 2010. On April 12, 2010, defendants supplemented their motion with a letter and receipt from Checkered Cab Service. [doc. # 45].

On April 20, 2010, plaintiffs filed an opposition to the motion to strike and attached an affidavit from Mr. Reed. In his affidavit, Reed stated that he specifically drove home from

3

Dallas on the night of March 28, 2010, so that he could be there for the independent medical examination. (Reed Affidavit; Pl. Opp.). He avers that he was home on March 29 between 10:30 a.m. and 1:00 p.m., but that he did not hear any car horn or knock on the door. *Id*. Accordingly, he feels that he does not owe any sanctions. *Id*.

On April 29, 2010, defendants filed a reply brief in support of their motion for sanctions. Also that same day, plaintiffs filed a motion for leave to supplement their opposition with an affidavit from counsel's paralegal. However, on April 30, 2010, the Clerk's office marked the motion deficient because it was not accompanied by a proposed order. (Notice of Deficient Document [doc. # 55]). The matter is now before the court.

## Discussion

Defendants seek sanctions under Rule 37(b) for failure to comply with a court order. Plaintiff argues that the court never ordered him to attend an examination with Dr. Smith, and thus there is no grounds for sanctions under Rule 37(b). To some extent, plaintiff is correct. Although the court made it clear during the March 15, 2010, telephone conference that plaintiff had to submit to an IME, there remained some ambiguity regarding whether defendants would persist with Dr. Smith or select another physician. *See* Minutes of Proceedings [doc. # 32]. Furthermore, the IME was not set for a definitive date by the court.

The court also acknowledges the seemingly irreconcilable accounts of plaintiff and the Checkered Cab driver who went to plaintiff's house to pick him up. Plaintiff says that he was home during the relevant period, but heard no one outside. However, there is no indication that he looked out of a window or walked outside to look for the cab. Rather, he demonstrated remarkable indifference by waiting until past the lunch hour to contact his attorney's office to

4

inform them that no one had picked him up. By then, of course, he had already missed his 1:00 p.m. appointment.

Despite the foregoing, the court is not persuaded that defendants have established that they are entitled to reimbursement of the $150 missed appointment fee and the $50 cab fare under Rule 37(b). Thus, attorney's fees are likewise not warranted. It is manifest, however, that plaintiff is not blameless in this matter. In order to avoid a similar mixup in the future, the court shall require plaintiff to secure his own transportation to and from Dr. Smith's office, at plaintiff's own expense.[1] To the extent that plaintiff is unable to secure private transportation, a review of Greyhound's website indicates that it has round trip fares available on May 17. There are also local public transportation options available in Shreveport, according to their website. Whichever means of conveyance plaintiff ultimately selects, he should allow more than sufficient time to ensure his prompt arrival for the re-scheduled IME. *See* discussion, *infra*.

Defendants seek to re-schedule plaintiff's IME before Dr. Smith on May 17, 2010, at 1:00 p.m., and have demonstrated good cause for same. Plaintiff does not specifically oppose another IME, but requests that the court limit the examination to the standard neurological cervical examination which should last no more than one (1) hour and specify that plaintiff is not obliged to accept any form of treatment. Plaintiff also asks that any paperwork should be limited to basic identification information and history of the accident and injury. Defendants did not address these proposed limitations in their reply brief. Regardless, the limitations appear reasonable,

---

[1] The court notes that plaintiff returned to Monroe from Dallas the night before his IME for the express purpose of being transported back to Shreveport for the examination. Unless plaintiff returned to Monroe, via commercial air carrier, there is no apparent reason why he could not have stayed an extra day in Dallas and stopped off in Shreveport on his way home on the 29th.

with the caveat that Dr. Smith can require plaintiff to complete paperwork regarding possible preexisting causes for his current injuries, and that if his standard exam takes more than an hour, plaintiff is still required to cooperate and remain for the entire exam.

For the foregoing reasons,

**IT IS ORDERED** that the motion for sanctions [doc. # 41] filed by defendants is hereby **GRANTED IN PART**, and that plaintiff, Claude Reed, is **ORDERED** to timely present himself, at his own expense, for an independent medical examination to be administered by Dr. Donald Smith at the office of Select Evaluation Center, 820 Jordan, Suite 370, Shreveport, Louisiana, 71101, at 1:00 p.m. on May 17, 2010. Plaintiff is cautioned that if he fails to comply with this order, in the absence of good cause, appropriate sanctions will be imposed by the Court.

**IT IS FURTHER ORDERED** that the motion for sanctions [doc.# 41] is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the motion to supplement opposition to motion for sanctions [doc. # 52] filed by plaintiffs is hereby **DENIED**, as moot.[2]

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of May 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2] The proffered affidavit would not materially affect the court's analysis.