# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **CLAUDE REED, ET AL.** | * | **CIVIL ACTION NO.  09-0676** |
| **VERSUS** | * | |
| **TOKIO MARINE AND NICHIDO**<br>**FIRE INSURANCE COMPANY LTD.,**<br>**ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the court are two motions in limine, one [doc. # 60] filed by plaintiffs Claude

Reed and Arlethia Reed, and one [doc. # 61] filed by defendants, William H. Lewis,  Jr., Makita

USA, Inc., and Tokio Marine & Nichido Insurance Company Ltd.  Briefing is complete.  For

reasons assigned below, the motions are DENIED.

## I.    Plaintiffs' Motion in Limine

Plaintiffs' motion seeks to exclude 1) evidence of prior claims for injury or accident; 2)

testimony from Dr. Eisenstadt, insofar as he seeks to opine upon vocational rehabilitation; and 3)

evidence regarding plaintiffs' failure to file tax returns during certain years. The court addresses

each item, in turn.

### 1)    Evidence of Prior Claims and/or Accidents

Plaintiffs request an order prohibiting defendants from referring to a 1989 worker's

compensation claim or to claims stemming from two prior automobile accidents that occurred in

1985 and 2000, on the grounds that the evidence is irrelevant, unduly prejudicial, confusing, or

misleading under Rules 402 and 403 of the Federal Rules of Evidence.  Both sides rely almost

exclusively on Louisiana case law to support their positions.[1]  However, in a diversity case,

admissibility of evidence is governed by federal law.  *Ballou v. Henri Studios, Inc.*, 656 F.2d

1147, 1153-1154 (5th Cir. 1981) (Unit A) (citation omitted).

> The applicable federal rules provide that,

> [a]ll relevant evidence is admissible, except as otherwise provided by the
> Constitution of the United States, by Act of Congress, by these rules, or by other
> rules prescribed by the Supreme Court pursuant to statutory authority. Evidence
> which is not relevant is not admissible.

Fed.R.Evid. 402.

Further,

> [a]lthough relevant, evidence may be excluded if its probative value is
> substantially outweighed by the danger of unfair prejudice, confusion of the
> issues, or misleading the jury, or by considerations of undue delay, waste of time,
> or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

Defendants contend that evidence of Claude Reed's prior injuries, accidents, claims, and/or

lawsuits is relevant to the issues of medical causation and credibility.  Indeed, courts have

recognized that evidence concerning prior similar injuries may be admissible for both substantive

and impeachment purposes.  *Couch v. Wal-Mart Stores, Inc.*, 191 F.3d 455 (7th Cir. 1999)

(unpubl.) (citing *O'Shea v. Jewel Tea Co.*, 233 F.2d 530, 532 (7th Cir. 1956)).  Further, "[w]here

it has been proved that a party brought previous claims which were similar in nature and

*fraudulent*, most courts have admitted the evidence of the former claims on the ground that it is

strongly relevant to falsity of the current claim.  *Bunion v. Allstate Ins. Co.*,  502 F. Supp. 340,

341-342 (D.C. Pa. Nov. 21, 1980) (citation omitted) (emphasis added).  On the other hand,

---

[1]  With the exception of *Arauio v. Treasure Chest Casino*, 1999 WL 219771, 3 (E.D. La.
Apr. 14, 1999).

"evidence tending to show that a party is a chronic personal-injury claimant generally has been excluded because its slight probative value has been deemed outweighed by the danger of prejudice." *Id*.

In this case, the court can envision scenarios where the probative effect of prior accidents and injuries will outweigh potential prejudice when the prior injuries affect the same body systems at issue here.  The court, however, is not inclined to admit evidence of prior claims simply to show plaintiff's purported litigiousness or "claim-mindedness," absent evidence of fraud or deceit.  *See Bunion, supra*.  At this stage of the proceedings, it suffices to say that the record is not sufficiently developed to permit resolution of this theoretical evidentiary conundrum.

### 2)       Dr. Eisenstadt's Testimony Regarding Vocational Rehabilitation

Plaintiffs contend that Dr. Eisenstadt is not an expert in vocational rehabilitation, and thus, he should be precluded from testifying on this subject.  In response, defendants acknowledge that they have no intention of soliciting vocational rehabilitation opinions from Dr. Eisenstadt.  Accordingly, the issue is moot.

### 3)       Plaintiffs' Failure to File Tax Returns for Certain Years

Plaintiffs seek to exclude evidence that they did not file tax returns for the years 2004 through 2008 on the grounds that this constitutes prohibited character evidence under Rule 404(b) of the Federal Rules of Evidence.  Plaintiffs add that, for several of the years at issue, Claude Reed was not required to file a return because he did not earn enough money.  Defendants argue, however, that Claude Reed's failure to file tax returns is probative of his character for truthfulness, and thus, is admissible pursuant to Rule 608(b).  Indeed, the Fifth Circuit has

recognized that Rule 404(b) does not apply to evidence that is used for impeachment purposes. *United States v. Bustamente*, 45 F.3d 933, 945 (5th Cir. 1995) (citation omitted).  Moreover, although Rule 404(a) *generally* excludes evidence of a person's character "for the purpose of proving action in conformity therewith on a particular occasion," it authorizes an exception for evidence of a witness's character, as provided in Rules 607-609.  Fed.R.Evid. 404(a)(3).  Under Rule 608,

> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, . . . may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. . . .

Fed.R.Evid. 608(b).

The Fifth Circuit has held that the failure to report income is relevant to the issue of honesty.  *Bustamante, supra*.  Similarly, other circuits have found that the failure to file tax returns is admissible for the purpose of attacking a witness's credibility, subject to the discretionary considerations contained in Rule 403.  *Chnapkova v. Koh*, 985 F.2d 79, 82 -83 (2nd Cir. 1993); *United States v. Hatchett*, 918 F.2d 631, 641 (6th Cir. 1990); and *Gaillard v. Jim's Water Service, Inc.*, 535 F.3d 771, 778-779 (8th Cir. 2008).

Accordingly, the court finds that plaintiff's failure to file tax returns from 2004 through 2008 is potentially admissible to challenge plaintiff's credibility.  Fed.R.Evid. 608(b).  However, for those years where plaintiff's gross income did not exceed the threshold amount to trigger a filing requirement, the court finds that any probative value of the evidence is outweighed by the danger of unfair prejudice.  Fed.R.Evid. 403.  Certainly, if plaintiff was not required to file a tax

return by law, then his failure to do so is not probative of credibility.  Thus, defendants may seek to undermine plaintiff's credibility with evidence that he failed to file tax returns solely in those years where he was required to file a tax return, i.e., those years where his gross income exceeded the threshold amount set forth in 26 U.S.C. § 6012.

## II.   Defendants' Motion in Limine

Plaintiffs have retained Dr. Charles O. Bettinger as an expert economist.  Defendants seek to exclude his testimony on the grounds that his opinions "lack a reliable foundation, are based on improper methodology, and stray beyond his realm of expertise."

Under Federal Rule of Evidence 702, a district court has considerable discretion in deciding whether to admit or exclude expert testimony.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138-9 (1997) (reviewing district court's determination under abuse of discretion standard).  Reliability and relevance, under Rule 702, are the hallmarks of admissible testimony from an expert witness "qualified . . . by knowledge, skill, experience, training, or education." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 589 (1993).  Relevance includes not only the general requirement contained in Rule 401 that the testimony tend to make the existence of any fact more probable or less probable, but also the prerequisite that the expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702; *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.") (quoting 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 702[02], p. 702-18

5

(1988)).  Reliability, according to Rule 702, requires that (1) the testimony be based upon

sufficient facts or data, (2) the testimony be the product of reliable principles and methods, and

(3) the witness apply the principles and methods reliably to the facts of the case.  Fed. R. Evid.

702.

In *Daubert v. Merrell Dow Pharmaceuticals*, the Supreme Court's landmark case on the

admissibility of expert testimony, the Court identified several factors relevant to assessing

whether an expert's methodology is scientifically valid and reliable.  509 U.S. at 592-595.  While

non-exhaustive, these factors include:

> (1) whether the expert's theory can be or has been tested; (2) whether the theory
> has been subject to peer review and publication; (3) the known or potential rate of
> error of a technique or theory when applied; (4) the existence and maintenance of
> standards and controls; and (5) the degree to which the technique or theory has
> been generally accepted in the scientific community.

*Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 275 (5th Cir. 1998).  The Court also cautioned

that, rather than focusing on an expert's particular conclusions, Rule 702 and the factors included

under the umbrella of reliability should instead be limited to analyzing the scientific principles

and methodologies used in arriving at those conclusions.  509 U.S. at 595.  The trial court is

tasked to act as a "gate-keeper," not only to ensure relevancy, but also reliability.  *Scordill v.*

*Louisville Ladder Group*, LLC, 2003 WL 22427981 (E.D. La. Oct. 24, 2003) (citing *Daubert,*

*supra*).  The party offering the expert must establish by a preponderance of the evidence that the

proffered testimony is relevant and reliable.  *See Mathis v. Exxon Corp.*, 302 F.3d 448, 559-60

(5th Cir. 2002).

As an economist, Dr. Bettinger's proposed testimony meets the definition of expert

testimony.  *Mathis, supra* (citation omitted).  Moreover, defendants do not seriously challenge

6

Bettinger's qualifications.  Dr. Bettinger has a Ph.D. in Quantitative Methods, Corporate

Finance, Mathematics, Marketing and Management from the University of Texas.  (*Vita*, Charles

Bettinger; M/in Limine, Exh. A).  The court takes judicial notice that over the years, Dr.

Bettinger has qualified as an expert economist in cases throughout this district.  Thus, the sole

basis for defendants' challenge is the reliability of Dr. Bettinger's opinions.

Defendants essentially contend that Dr. Bettinger's calculations are unreliable because

there are no factual bases for many of the assumptions upon which he grounds his opinions.

However, the court's role as gatekeeper should not usurp the place of the jury in the traditional

adversary system.  *Scordill, supra* (citing *Daubert*, 509 U.S. at 596).  Moreover, "[V]igorous

cross-examination, presentation of contrary evidence, and careful instruction on the burden of

proof are the traditional and appropriate means of attacking shaky but admissible evidence."

*Mathis*, 302 F.3d at 461 (citation and internal quotation marks omitted).  A district court must

defer to "the jury's role as the proper arbiter of disputes between conflicting opinions.  As a

general rule, questions relating to the bases and sources of an expert's opinion affect the weight to

be assigned that opinion rather than its admissibility and should be left for the jury's

consideration."  *Scordill, supra* (citations and internal quotation marks omitted).

At this stage of the proceedings, it is not known for certain whether evidence will be

adduced at trial to support Dr. Bettinger's assumptions.  In addition, there is no reason to believe

that the jury is incapable of discounting his opinions if they lack requisite support.  If, at trial, no

evidence is adduced to support Dr. Bettinger's assumptions, then the court can consider

excluding his testimony at that time.  *See Bell v. J.C. Penney*, 2009 WL 3294846 (W.D. La. Oct.

13, 2009).[2]

**III.     Conclusion**

For the above-assigned reasons,

The pending motions in limine [doc. #s 60 & 61] filed by plaintiffs Claude Reed and

Arlethia Reed and defendants, William H. Lewis,  Jr., Makita USA, Inc., and Tokio Marine &

Nichido Insurance Company Ltd., respectively, are hereby DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of June 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[2]  Insofar as Dr. Bettinger seeks to issue an opinion regarding the availability and
suitability of jobs in the local economy, he will not be permitted to do so, absent proper
qualification.  At this juncture, however, there is no indication that plaintiffs intend to solicit an
opinion from him in the field of vocational rehabilitation.